IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ALEJANDRO CARMONA, | : | MOTION TO VACATE |
| Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 1:14-CR-196-TWT-LTW-9 |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:18-CV-1063-TWT-LTW |

## FINAL REPORT AND RECOMMENDATION

Movant is a federal prisoner who, pro se, challenges his judgment of conviction under 28 U.S.C. § 2255. (Doc. 646.)[1] Respondent filed a brief opposing relief, (doc. 651), and Movant filed a reply, (doc. 655). As explained below, the undersigned finds that Movant is not entitled to relief under § 2255.

## I. Background

Movant stood trial on one charge: that he conspired to traffic illegal drugs from Mexico to Atlanta. The drugs – cocaine, heroin, and methamphetamine – were transported on buses on several occasions where the bus drivers were the only people on the buses. The trial evidence showed that Movant

---

[1] All citations to the record are to case number 1:14-cr-196-TWT-LTW.

> controlled and directed the travel of buses used to transport the drugs; founded the companies that owned those buses; maintained – at his home – the business records for those companies; received $4000 per month in expenses and $500 per week in salary to run the companies; instructed members of the conspiracy not to touch the buses' batteries shortly before heroin was seized from the batteries of one of those buses; had repeated telephone conversations with members of the conspiracy as they rode from Mexico to Atlanta on buses carrying substantial quantities of drugs and no paying customers; repeatedly met with leaders of the drug trafficking conspiracy in Atlanta and received payments from the organization before his buses began traveling to Atlanta; and carried large amounts of cash out of the bus warehouse in suitcases.

*United States v. Carmona*, 685 F. App'x 875, 878 (11th Cir. 2017).

Movant's defense was that he was not knowingly involved with the drug trafficking operation, i.e. that he did not know that his buses were used to transport the drugs. (*See* Doc. 560 at 13-26.) Movant claimed that a trusted friend connected him with a man in Mexico who gave him seed money to start the bus company that he had long wanted. (*Id.*) Movant further claimed that he did not know the man he hired to manage the company – a co-defendant who pled guilty and testified against Movant at trial – was a drug dealer. (*Id.*) In short, Movant's defense was that he "had a dream, a dream to start a business. But he was duped by [drug] dealers. He was looking for an angel investor; and what he got instead was the devil, the devil in disguise." (*Id.* at 26.)

2

After all evidence had been presented at trial, the Court discussed with counsel the instructions it would give the jury. Respondent asked the Court to instruct the jury on the law of deliberate ignorance as proof of Movant's knowledge of the drug trafficking. (Doc. 562 at 139-40.) Movant's lawyer, Steven Berne,[2] objected to that instruction because, he argued, Respondent presented evidence of actual knowledge and did not try the case on the theory of deliberate ignorance. (*Id.*)

The Court gave the deliberate ignorance instruction. (*Id.*; Doc. 563 at 52-53.) The Court instructed the jury:

> If a Defendant's knowledge of a fact is an essential part of a crime, it's enough that the Defendant was aware of a high probability that the fact existed unless the Defendant actually believed the fact didn't exist. Deliberate avoidance of positive knowledge which is the equivalent of knowledge occurs, for example, if a Defendant possesses a package and believes it contains a controlled substance but deliberately avoids learning that it contains the controlled substance so he or she can deny knowledge of the package's contents.
> So you may find that a Defendant knew about the possession of a controlled substance if you determine beyond a reasonable doubt that the Defendant actually knew about the controlled substance or had every reason to know but deliberately closed his eyes. But I must emphasize that negligence, carelessness or foolishness isn't enough to prove that the Defendant knew about the possession of the controlled substance.

(Doc. 563 at 52-53.)

---

[2] Berne represented Movant throughout this case, including at sentencing and on appeal.

3

The indictment charged Movant with trafficking at least 500 grams of methamphetamine, at least five kilograms of cocaine, and at least one kilogram of heroin. (Doc. 159.) The jury found Movant guilty of trafficking less than fifty grams of methamphetamine, at least five kilograms of cocaine, and less than 100 grams of heroin. (Doc. 491.)

At sentencing, over Movant's objection, the Court held Movant responsible for trafficking over fifty kilograms of methamphetamine, over twenty-two kilograms of cocaine, and over nineteen kilograms of heroin. (Doc. 564.) The Court found "by way beyond a preponderance of the evidence" that those quantities were "supported by the trial testimony in the case and actually grossly understate[] the drug quantities that [Movant] was responsible for bringing into the United States." (*Id.* at 10.)

Based solely on those drug quantities, Movant's base offense level under the U.S. Sentencing Guidelines (the "Guidelines") was thirty-eight. (*Id.* at 13.) The Court also found that "the evidence is overwhelmingly clear that [Movant] was a manager or supervisor [in the drug trafficking operation] . . . and there's no question but that the criminal activity involved five or more participants." (*Id.* at 12-13.) The Court thus applied a three-level enhancement under the Guidelines, bringing the total offense level to forty-one and the advisory range of imprisonment to 324 to 405

months. (*Id.* at 13-14.) Had the Court held Movant responsible for only the drug quantities the jury found in its verdict, as Movant sought, the advisory range would have been 235 to 293 months. *See* U.S. Sentencing Guidelines Manual, Ch. 5, Pt. A (U.S. Sentencing Comm'n 2015). The mandatory minimum sentence for Movant's crime, set by statute, was 120 months' imprisonment.

The Court departed downward from the advisory range and sentenced Movant to 240 months' imprisonment. (Doc. 564 at 24-25.) The Court found 240 months was "a fair and reasonable sentence considering the sentencing factors set forth in Title 18, Section 3553(a)" of the U.S. Code. (*Id.* at 25.)

On appeal, Movant claimed that the Court erred by instructing the jury on deliberate ignorance. *Carmona*, 685 F. App'x at 876. The court of appeals rejected the claim:

> if – as [Movant] urges this Court – the government only presented evidence of actual knowledge to the jury, we can presume that the jury followed the court's instruction and declined to convict based on deliberate ignorance. Therefore, even assuming that the instruction was in error, such error was harmless so long as the government presented sufficient evidence of actual knowledge.
>
> We have no trouble concluding that the evidence of [Movant's] actual knowledge of the drug trafficking conspiracy was more than sufficient to support the jury's verdict.
>
> . . . .

> Accordingly, even if we assume that the government presented no evidence of deliberate ignorance, there were still adequate grounds on which the jury, having been properly instructed, could have convicted based on actual knowledge. Thus, any error in providing the instruction was harmless and this assignment of error is due to be rejected.

*Id.* at 877-78 (citations omitted).

Movant's sole claim in his § 2255 motion is that Berne rendered ineffective assistance. (Doc. 646.) Specifically, Movant faults Berne for not advising him before trial that it did not matter whether he knew that drugs were trafficked on his buses because the Court likely would give the jury the deliberate ignorance instruction. (*Id.*)

According to Movant, Respondent offered him a plea deal that "included a range of imprisonment (sixty [60] months to an upper point) believed to be significantly less than the likely prison sentence . . . should [Movant] go to trial and be convicted" and that Berne urged him to accept the deal. (*Id.* at 6.) Movant says that he told Berne he was not guilty because he did not know about the drugs. (*Id.* at 6-7, 23.) Movant claims that if Berne had told him that he could be found guilty based on the concept of deliberate ignorance, he "would certainly have accepted the offered favorable plea bargain." (*Id.* at 7, 26.)

## II. Relevant Legal Standards

To prevail on a § 2255 motion, the movant must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the Court was without jurisdiction to impose such a sentence; (3) the sentence exceeded the maximum sentence authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. "To obtain collateral relief, a [movant] must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982).

A defendant has a constitutional right to effective assistance of counsel at all critical stages of criminal proceedings, which includes "the entry of a guilty plea." *Missouri v. Frye*, 566 U.S. 133, 140, 144 (2012). To establish a violation of that right, a § 2255 movant must show that his counsel's performance was deficient and prejudicial. *Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984).

As for the first prong of the test – deficient performance – a court should be "highly deferential" in scrutinizing counsel's performance. *Id.* at 689. Courts "must indulge the strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment." *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000). To

7

establish deficient performance, a movant must establish that no objectively competent lawyer would have taken the action that her lawyer took or would have failed to take the action she contends the lawyer should have taken. *Id.* at 1315. The U.S. Supreme Court repeatedly has reminded courts to faithfully apply the "'strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance.'" *Burt v. Titlow*, 134 S. Ct. 10, 17 (2013).

To show prejudice, a movant must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In a case like this one, where the claim is that a plea offer was rejected because of counsel's deficient performance, the movant

> must demonstrate a reasonable probability [he] would have accepted the earlier plea offer had [he] been afforded effective assistance of counsel. [Movant] must also demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under [relevant] law. To establish prejudice in this instance, it is necessary to show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time.

*Frye*, 566 U.S. at 147; *see Lafler v. Cooper*, 566 U.S. 156, 164 (2012) (applying this standard to claim that defendant rejected plea offer on the basis of counsel's erroneous

legal advice). A court need not address both prongs of *Strickland*'s test if the movant "makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

## III. Analysis

Movant has shown neither deficient performance nor prejudice. Movant has not identified any evidence that Berne knew about before trial that would have caused every competent lawyer to believe that deliberate ignorance would be at issue at Movant's trial. And Movant has not identified any evidence or basis to support a finding that he would have received a lesser sentence if he had pled guilty.

As the court of appeals noted in this case,

> [a] deliberate ignorance instruction is appropriate when the facts support the inference that the defendant was aware of a high probability of the existence of the fact in question and purposely contrived to avoid learning all of the facts in order to have a defense in the event of a subsequent prosecution.

*Carmona*, 685 F. App'x at 877 (quotation marks omitted). The relevant emphasis here is "deliberate" because there is a "danger" when giving the instruction "that juries will convict on a basis akin to a standard of negligence: that the defendant *should* have known that the conduct was illegal." *United States v. Rivera*, 944 F.2d 1563, 1570 (11th Cir. 1991) (emphasis in original). It is not sufficient that a defendant should have known of an incriminating fact; it must be proven beyond a reasonable doubt that

9

the defendant "purposely contrived" to avoid learning that fact, i.e., that he "deliberately kept himself ignorant." *United States v. Stone*, 9 F.3d 934, 937-38 (11th Cir. 1993) (quotation marks omitted).

Movant alleged in his § 2255 motion that "the background details" and "the available evidence" before trial "highly suggested" deliberate ignorance. (Doc. 646 at 7, 25.) Movant did not identify any such evidence or provide such "details" of deliberate ignorance, however. Movant instead repeatedly emphasized that he "did not know" about the drug trafficking while the evidence suggested that he "should have known" about it. (*Id.* at 9-10, 24 (emphasis in original).)

Berne cannot be faulted for not advising Movant that he might be convicted on a theory of deliberate ignorance based on evidence that Movant did not know what he should have known, i.e., that Movant was negligent, careless, or foolish. Movant has not identified any evidence Berne had before trial that would alert Berne to the possibility – much less the high probability Movant claims – that deliberate ignorance would be at issue at trial.

Movant did not identify any such evidence even after Respondent pointed out the flaw in his argument. Indeed, in his reply to Respondent's brief, Movant doubled down on his claim that there was "a mountain of evidence suggesting he *should have*

10

*known*" about the drugs and that he "failed to make adequate enquiries." (Doc. 655 at 4 (emphasis added).) Movant dismissed the issue as merely "technical arguments" over the "esoteric distinction" between negligently failing to know about the drugs and purposefully contriving to avoid knowing about the drugs. (*Id.* at 2, 4.)

As explained above, it is not an esoteric distinction. Movant's allegations do not support anything more than that the evidence available to Berne before trial suggested that Movant should have known about the drugs but did not. That is not sufficient to satisfy Movant's burden of proving that no competent lawyer in Berne's position would have failed to advise Movant about deliberate ignorance. Movant has not overcome the "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance," *Burt*, 134 S. Ct. at 17 (quotation marks omitted), and thus has not shown deficient performance.

Nor has Movant shown prejudice. Movant must show that if he had accepted Respondent's plea offer, as he says he would had Berne advised him about deliberate ignorance, "the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *See Lafler*, 566 U.S. at 164. On that point, Movant offers only vague speculation.

11

Movant described Respondent's plea offer as "a favorable plea bargain." (Doc. 646 at 6.) But he did not identify, in either his § 2255 motion, his certified statement submitted with the motion, or his reply to Respondent's response to the motion, any details of Respondent's alleged plea offer other than that it "included a range of imprisonment" of "sixty [60] months to an upper point." (*Id.*) Movant stated:

> While I am not certain as to the exact details (I do not possess a written copy) of the offered plea bargain, my recollection is that in exchange for a guilty plea, I would ultimately be sentenced to a term of imprisonment that might range from five (5) years up to some point, but, said upper point would certainly be less than that sentence which would be given to me after (and if) I were found guilty at trial.

(*Id.* at 23.) Movant could not have received a sentence of less than ten years because ten years is the statutory minimum sentence for the sole crime for which he was tried. *See supra* Part I.

Movant's contention that the "upper point" of the sentence under the plea offer would be less than a sentence after conviction at trial is based on his conversations with Berne about the plea offer. (Doc. 646 at 23.) Berne allegedly told Movant the sentence would be less if he pled guilty because of "Acceptance of Responsibility and other factors related to not requiring the government to meet its burden via a trial." (*Id.* (quotation marks omitted))

12

Even if Berne gave Movant such advice, nothing in the record, including Movant's § 2255 filings, supports a finding that Movant's sentence actually would have been less than 240 months (the sentence that was imposed) had he accepted the plea offer. First, there is no evidence that the offer was for Movant to plead to a lesser crime. Indeed, Movant could not have pled guilty to lesser charges because he stood trial on only one count of the indictment.

Second, there is no evidence that the advisory Guidelines range would have changed in any way with a guilty plea other than a three-level reduction for acceptance of responsibility. With that reduction, the advisory range would have been 210 to 262 months of imprisonment, which obviously includes the 240-month sentence that was imposed after trial. *See* U.S. Sentencing Guidelines Manual, Ch. 5, Pt. A (U.S. Sentencing Comm'n 2015).

The 240-month sentence was based largely on the quantity of drugs for which the Court held Movant responsible. That quantity was significantly more than the jury found at trial. *See supra* Part I. There is no evidence, or basis to find, that the Court would have held Movant responsible for a lower quantity of drugs had he pled guilty.

13

If Movant pled guilty, Respondent could have presented its evidence of drug quantity at sentencing and proven it by only a preponderance of the evidence. The Court found "by way beyond a preponderance of the evidence" that Movant was responsible for the drug quantities upon which his sentence was based and that those amounts "actually grossly understate[d] the drug quantities that [Movant] was responsible for bringing into the United States." (Doc. 564 at 10.) Nothing in the record supports a finding that the Court would not have made the same finding if Respondent had presented its evidence only at the sentencing hearing, particularly given the lower burden of proof that would have applied.

Because there is no basis for a finding that Movant would have pled guilty to a less serious crime or received a lesser sentence if he had pled guilty, Movant has not shown prejudice. For that reason, and because he has not shown that Berne's pretrial advice was deficient, Movant cannot obtain relief on his claim of ineffective assistance of counsel.

IV.   **Certificate Of Appealability ("COA")**

A prisoner may not appeal the denial of his § 2255 motion "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). Rule 11 of the Rules Governing § 2255 Cases

AO 72A
(Rev.8/82)

provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (citations and quotation marks omitted).

A COA is not warranted here.  Movant has not shown that he received ineffective assistance of counsel.  That conclusion is not reasonably debatable.

V. **Conclusion**

For the foregoing reasons, **IT IS RECOMMENDED** that Movant's motion to vacate under 28 U.S.C. § 2255 [646] and a certificate of appealability be **DENIED** and that case number 1:18-cv-1063-TWT-LTW be **DISMISSED**.

**SO RECOMMENDED** this 6 day of August, 2018.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

15